UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL MELOHN

           Petitioner

   – against –

SY STERN, RABBI MAYER ZAKS, SIMA
WEINTRAUB, AKIVA FEINSOD, ELI
KUNSTLNIGER, YAAKOV BEYMAN, DAVID
TEILER, ROBERT KUNSTLINGER, EZRA
BEYMAN, ALFONS MELOHN, and JOHN DOES
1-20

           Respondents

-----------------------------------------------------------x

20 Civ. 05536 (PMH)

## RESPONSE TO AMENDED PETITION FOR PRE-ACTION DISCOVERY PURSUANT TO F.R.C.P. 27

Michael Schneider, Esq.
**LAW OFFICE OF MICHAEL SCHNEIDER**
161 Route 59 - Suite 203
Monsey, New York 10952
(212) 888-2100

*Attorneys for Respondents Ezra Beyman,
Yaakov Beyman and David Teiler*

# **PRELIMINARY STATEMENT**

Respondents Ezra Beyman ("E.Beyman"), Yaakov Beyman ("Y.Beyman") and David Teiler ("Teiler") (collectively "Respondents") hereby submit this response to the Amended Petition For Pre-Action Discovery Pursuant To F.R.C.P. 27 (the "Petition"). For the reasons set forth below the Petition should be denied.

Pursuant to the Petition, Petitioner seeks deposition testimony as well as document production from ten respondents, including Respondents E.Beyman, Y. Beyman and Teiler prior to commencing an action. The purported rationale for such pre-action discovery is to identify certain additional parties who were allegedly part of a scheme to defraud Petitioner in order to be able name these parties as defendants in a lawsuit arising out of this scheme.

The stated purpose for which Petitioner seeks discovery is insufficient to justify such relief under F.R.C.P. 27 and further lacks credibility. Rule 27 is a vehicle for preserving testimony which would otherwise be lost or unavailable. Petitioner does not even bother arguing that he is seeking to preserve such testimony, which he is not. All of the ten respondents are in good health and reside within the jurisdiction, and there is no reason to believe that any of them will be unavailable subsequent to commencement of a lawsuit.

Additionally, the Petition should be denied because Petitioner has failed to demonstrate that he cannot presently commence an action against the ten named respondents whom he has identified without the deposition testimony he seeks. Petitioner merely states that he seeks to discover the identities of other parties alleged to have participated in a scheme to defraud him, while failing to demonstrate that he is unable to commence an action against those

respondents whose identities are known. There is no reason why additional defendants whose identities are subsequently discovered by Petitioner in the course of normal discovery, if any, cannot subsequently be added by Petitioner by amending his complaint..

The Petition also suffers from the further deficiencies warranting dismissal. It fails to allege a sufficient basis for federal jurisdiction, it fails to specify the facts which petitioner seeks to establish through the proposed testimony, it fails to identify the names and addresses of the parties whose testimony is sought, and it is not verified.

Notably, Petitioner has failed to file and serve upon Respondents a notice setting forth the time and place of a hearing on the petition. Although more than a month has elapsed since Petitioner filed its Amended Petition, he has failed to take the necessary steps to seek an adjudication in order obtain the relief requested in the Petition. It appears that Petitioner is aware that there is no legitimate basis for the relief sought in the Petition and, accordingly, that he is not proceeding in good faith. E. Beyman, Y. Beyman and Teiler have previously notified Petitioner in writing that the Petition lacks a non-frivolous legal basis and have demanded that he withdraw the Petition, to no avail.

## ARGUMENT

I. **THE RELIEF SOUGHT BY PETITIONER IS NOT AUTHORIZED BY RULE 27 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

In order to prevail on a petition under Rule 27 a petitioner must establish: (1) "a focused explanation of what they anticipate any testimony would demonstrate," (2) "in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought," and (3) "an objective showing that without a Rule 27 hearing, known

testimony would otherwise be lost, concealed or destroyed." Falco v. Santoro, 2017 WL 4480759 (E.D.N.Y. 2017); In re Petition of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005). Because Petitioner is unable to make this showing the Petition should be dismissed.

### A. Petitioner Is Not Seeking To Perpetuate Any Testimony

Pre-action discovery is authorized by F.R.C.P. 27 only under very limited circumstances. Rule 27 is titled "Depositions to Perpetuate Testimony" and its scope is limited to that purpose. Rule 27(a)(1) states in pertinent part: "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." As its language makes clear, Rule 27 authorizes pre-action discovery only for the purpose of preserving testimony in danger of being lost. See In re Application of Liquor Salesmen's Union Local 2d Pension Fund, 2012 WL 2952391*3 E.D.N.Y. 2012)("Rule 27 is not, however, a substitute for the broader, post-complaint discovery available under Rule 26 and should be used only in special circumstances to preserve testimony which otherwise might be lost.") A petitioner "must make a particularized showing that intervention prior to commencement of an action is necessary to preserve the subject evidence," and "generalized statements of concern that requested evidence might be destroyed are insufficient to warrant pre-complaint intervention." In re Petition of John W. Danforth Group, Inc., 2013 W: 3324017*2-3 (W.D.N.Y. 2013).

Plainly, the objective of the relief sought in the Petition is not to perpetuate testimony. Petitioner fails to identify any testimony that will be lost or unavailable that he is seeking to preserve. Rather, by his own admission, Petitioner seeks discovery for the purpose of

learning the identities of "Respondents John Does 1-20 . . . Who participated in and/or conspired to participate in the pattern of racketeering activities by which the named and known Respondents have engaged and/or conspired to commit acts of racketeering since in or about 2013 through present date, proximately causing injury to Petitioner . . . ." (Petitioner's Amended Petition at p. 2). Taking Petitioner at his word, his purpose in filing the Petition does not entitle him to the relief sought.

### B. Petitioner Cannot Demonstrate That He Is Presently Unable To Commence His Contemplated Action

Rule 27 provides that in order to avail itself of discovery under this Rule, a party must demonstrate that it "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." F.R.C.P. 27(a)(I)(A). Absent such a showing the Petition must be denied.

Petitioner asserts that it "cannot commence an action at the present time with the particularity and specificity required for the prospective causes of action because Petitioner does not know the identity of the John Doe Respondents . . . ." Petition at par. 5. However this assertion is entirely conclusory. No factual basis to support this assertion has been offered by Petitioner. Moreover in any event, "concerns about the sufficiency of the petitioner's pleadings in the future cognizable action is not a valid impediment for the purposes of Rule 27." Falco v. Santoro, 2017 WL 4480759*3 (E.D.N.Y. 2017).

Contrary to Petitioner's assertion, the Petition identifies ten individuals to be named as defendants as well as an allegedly fraudulent scheme involving these individuals.

Should Petitioner choose to do so he could promptly commence an action against these individual without prior discovery.

Where, as here, a party is unable to demonstrate that the depositions it seeks are needed to enable it to commence an action, a request for such discovery should be denied. See Falco, supra.

### C. Rule 27 Does Not Authorize A Fishing Expedition In The Hope Of Finding Some Basis To Bring an Action

Rule 27 may not be used as a vehicle for "the purpose of discovery before action is commenced to enable parties to fish for some ground for bringing suit." See Marshall v. Madoff, 2015 WL 2183939 *2 (S.D.N.Y. 2015); In re Petition of Austin, 2013 WL 5255125*1 (S.D.N.Y. 2013). However, lacking any other legitimate purpose, this appears to be exactly the reason Petitioner has filed the Petition. Alternatively, the Petition may be intended as a vehicle to harass and threaten Respondents.

Regardless of the nature of Petitioner's ulterior motive, because the Petition does not seek to preserve or perpetuate any testimony and because Petitioner is now able to commence its action against the named Respondents, the depositions sought by Petitioner are outside the scope of Rule 27(a). Accordingly, the Petition must be denied. See Jackson v. Good Shepherd Services, 683 F.Supp.2d 290, 293 (SDNY 2009).

## II. PETITIONER FAILS TO SATISFY ADDITIONAL RULE 27 REQUIREMENTS

Beyond the basic requirements of perpetuating testimony and demonstrating that an action cannot be commenced without the deposition testimony sought, Rule 27 contains other

requirements which the Petition fails to address, much less satisfy. A petition brought pursuant to Rule 27 must be verified. The Petition is not verified. Additionally, the Petition fails to adequately plead a cause of action which would confer federal jurisdiction. See <u>Bryant v. Am. Fed. Of Musicians</u>, 2015 WL 3644075 (S.D.N.Y. 2015). Petitioner's purported RICO claim against Respondents E. Beyman, Y. Beyman and Teiler fails to allege particular acts on their part in furtherance of the alleged scheme, and is so vague and conclusory that it could not withstand a motion to dismiss. Moreover, the Petition fails to specify the facts which Petitioner seeks to establish through the testimony sought, and fails to identify the names and addresses of the witnesses whose testimony is sought.

### III. F.R.C.P. 34 DOES NOT AUTHORIZE PRE-ACTION DISCOVERY

Petitioner also errs in citing F.R.C.P. 34 as authority to request for pre-action document discovery in the Petition. Rule 34 does not authorize pre-action discovery. See <u>McNierney v. Long Island Railroad Co.</u>, 215 F.R.D. 458 (S.D.N.Y. 2003). Rule 27 is the only one of the Federal Rules of Civil Procedure which authorizes pre-action discovery. <u>Id</u>.

### IV. PETITIONER IS NOT ACTING IN GOOD FAITH

Rule 27(a)(2) states that a petition brought under Rule 27 must be served with a notice "stating the time and place of the hearing." To date Petitioner has failed to serve respondents with such a notice, indicating that he is not serious about moving forward with the Petition. The Petition was filed on July 17, 2020 and the First Amended Petition was filed on July 27, 2020. Although more than a month has elapsed Petitioner has taken no action to move

forward with the Petition and seek an adjudication thereon. In addition to the filing of a Petition lacking a colorable legal basis relating to the legitimate purpose set forth in F.R.C.P. 27, Petitioner's failure to either proceed with the Petition or withdraw it is indicative of an utter lack of good faith and an improper ulterior motive on his part.

## CONCLUSION

For the reasons set forth above, Respondents Ezra Beyman, Yaakov Beyman and David Teiler respectfully request that the Petition be denied in its entirety with prejudice.

Monsey, New York
August 31, 2020

                              LAW OFFICE OF MICHAEL SCHNEIDER

                              By: _/s/ Michael Schneider_____
                              Michael Schneider
                              161 Route 59 - Suite 203
                              Monsey, New York 10952
                              (212) 888-2100

                              Attorneys for Respondents Ezra Beyman, Yaakov Beyman and David Teiler