

**BRIAN K. CONDON***
**AMY M. MARA***
**LENA E. PAXOS***

LORI GALGANO, Legal Secretary
HELENE CAREY, Paralegal

*ADMITTED IN NY AND NJ

**OF COUNSEL:**
TERRENCE J. CORTELLI
JOSEPH S. SCARMATO

SENDER'S E-MAIL: Amy@CondonMara.com

October 21, 2020

<u>Via ECF</u>

Hon. Philip M. Halpern
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: Melohn v. Stern, et al.
     <u>United States District Court – Case No. 20-cv-05536-PMH</u>

Dear Honorable Sir:

  In furtherance of this morning's telephonic conference held before this Honorable Court, the Petitioner respectfully submits this correspondence to provide case law regarding the permissible use of Rule 27 to obtain the identification of unknown defendants. Petitioner respectfully submits the below citations for the Court's consideration:

- *Embraer-Empresa Brasileira De Aeronautica, S.A. v. John Doe*, 2006 WL 1083476, S.D.N.Y. (Mar. 14, 2006) (Petitioner sought Subpoena Duces Tecum directing Dow Jones & Company, Inc. to submit to a deposition, or alternatively, to produce documents showing the identity of John Doe, who placed, and paid for, a false legal notice on behalf of USDOT alleging that Embraer was under federal investigation; Court issued Subpoena as to Dow Jones & Company, Inc., dated April 3, 2006);

- *Petition of Alpha Industries, Inc.*, 159 F.R.D. 456 (S.D.N.Y. Jan. 19, 1995) (Court granted Rule 27 petition to be utilized as pre-litigation factual discovery device so as to allow Petitioner to ascertain the identity of distributors who may be in breach of an agreement with the petitioner and against whom a suit can be commenced);

- *In re Legg Mason Inv. Counsel & Trust Co., N.A.*, 2011 WL 1533165 (S.D.N.Y. April 19, 2011) (petitioner intended to establish certain facts by taking Wyman's testimony, and in doing so, a second lawsuit may be commenced on the basis of the testimony taken from Wyman);

- *In re Town of Amenia, NY*, 200 F.R.D. 200 (S.D.N.Y. April 6, 2001) (in granting the Petitioner's petition to perpetuate testimony to prevent failure or delay of justice, Court agreed with Judge Whitman Knapp of the *Alpha Industries* Court, that Rule 11 prevents a Rule 27 petitioner from bringing suit immediately when petitioner is unable to identify with certainty the parties against which it should bring suit; subject of the deposition shall be limited to relevance of the landfill in question, as Petitioners seek testimony relating to the disposal of wastes at the landfill site in the 1970s);

- *Pacific Technology Corp. v. Ehrenwald*, 2000 WL 1634393 (S.D.N.Y. Oct. 31, 2000) (a court of equity should use its power to insure that the document is preserved, quoting Professor Moore's comments that Rule 27 grants courts the authority to issue an order on a finding that such testimony may prevent a failure or delay of justice);

- *General Bd. of Global Ministries of the United Methodist Church v. Cablevision Lightpath*, Inc., 2006 WL 3479332 (E.D.N.Y. Nov. 30, 2006) (*citing supra In re Town of Amenia*) (the identity of the unknown party defendant may be obtained through Cablevision, which is able to match the IP address to the subscriber, and the identity of the unknown party defendant may be lost);

- *Petition of Ingersoll-Rand Co.*, 35 F.R.D. 568 (S.D.N.Y. May 26, 1964) (granting Rule 27 petitioner's application for reargument of previously denied Rule 27 Petition, granting the petition, insomuch as petitioner sought the preservation of any documents relating to 'public use' or 'on sale' to invalidate Skoog's patent).

As always, we thank the Court in advance for its consideration of the foregoing. Should Your Honor require additional documentation or information, we remain ready and willing to respond accordingly.

    Respectfully Submitted,

    CONDON & MARA, PLLC

    By: _____
        Brian K. Condon
        Amy M. Mara
        Lena E. Paxos

cc:    All Counsel of Record for Respondents *(Via ECF)*