

October 22, 2020

By ECF

Honorable Philip M. Halpern, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Melohn v. Stern, et al.* **(No. 20-CV-05536-PMH)**
            <u>Response to Petitioner's October 21, 2020 Letter</u>

Dear Judge Halpern:

      We represent Respondent Akiva Feinsod. Per the Court's instructions, we write on behalf of Mr. Feinsod, joined by the other appearing Respondents, in response to Petitioner Michael Melohn's October 21, 2020 letter submitting citations for the Court's consideration.

      The Petition requests that, pursuant to F.R.C.P. 27, the Court issue judicial subpoenas to ten Respondents, allegedly for the purpose of identifying persons to be named in a lawsuit that he intends to file. The Petition should be denied because, among other defects,[1] (1) Petitioner is able to bring a lawsuit at this time; and (2) Petitioner has not demonstrated any need to perpetuate testimony or preserve evidence.

      **The Second Circuit has issued binding guidance on the limits of Rule 27**. "[U]nder Rule 27 the petitioner must already know the substance of the evidence that she seeks to perpetuate and *may not use this process as a means of discovery to search for evidence that would undergird a possible lawsuit.*" *Bryant v Am. Fedn. of Musicians of the United States and Can.*, 666 Fed. Appx. 14, 16 (2d Cir. 2016) (summary order) (emphasis added); *see also Teamsters Local 404 Health Services & Ins. Plan v King Pharm., Inc.,* 906 F.3d 260, 267 (2d Cir. 2018) (CPLR "§ 3102(c) authorizes disclosures to determine the identity of defendants against whom a cause of action lies . . . . In contrast to § 3102(c), the Federal Rules of Civil Procedure do not authorize comparable discovery. *Rule 27(a) authorizes pre-action discovery only for the preservation of testimony . . . .*") (emphasis added).

      Petitioner did not disclose these recent Second Circuit decisions. Petitioner's more dated cases provide no support for his request where he is currently capable of bringing a lawsuit but seeks to learn the identity of *additional* potential defendants. Indeed, Petitioner's counsel represented to the Court on Wednesday that the complaint against the Respondents *is currently being drafted.*

---

      [1] The reasons for denying the Petition with prejudice – particularly the fact that it improperly seeks discovery – are set forth fully in the responses filed by certain respondents (Doc. Nos. 31, 32).

Petitioner's citation to **the unopposed petition** filed in *Embraer-Empresa Brasileira de Aeronautica, S.A. v. Doe*, 2006 WL 1083476 (S.D.N.Y. 2006), does not provide any authority. Moreover, there, the petitioner intended to sue the person who placed a false legal notice published in the respondent's publication but was unable to commence a lawsuit until it learned the identity of the person that submitted the notice. *Id.*

Likewise, in *Petition of Alpha Industries, Inc.*, 159 F.R.D. 456 (S.D.N.Y. 1995), the petitioner specifically identified five possible defendants but could not bring a suit against *any* of these five entities until it identified whether and which of them was violating their agreement or selling counterfeit goods. *Id.* at 457; *see also* 6–27 Moore's Federal Practice § 27.13 (discussing *Alpha Industries* as a minority-view case and noting that district courts are "surely correct in rejecting *Alpha Industries'* holding").

The petition in *General Board of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc.*, 2006 WL 3479332 (E.D.N.Y. 2006), sought to ascertain the identities of unknown persons that accessed the petitioner's email accounts without authorization through a subpoena to the internet service provider, in order to bring a suit against those persons. *Id.* at *4. There was a need to preserve this evidence because information would have been destroyed by the internet service provider in the ordinary course of business after 90 days. *Id.*; *see also Pacific Technology Corp. v. Ehrenwald*, 2000 WL 1634393, at *2-3 (S.D.N.Y. 2000) (petitioner was seeking the only available copy of a public record that was lost by the government and was necessary to proceed with a potential suit cognizable in a federal court).

In *In re Legg Mason Inv. Counsel & Trust Co., N.A.*, 2011 WL 1533165 (S.D.N.Y. 2011), the petitioner **was a prospective defendant** in a yet-to-be-filed action that sought to preserve the testimony of an 87-year-old non-party witness with medical issues. As the prospective defendant, the petitioner was unable to bring the action, and the need to perpetuate the testimony was established by the witness's age and medical condition. *Id.* at *2.

Finally, in *In re Town of Amenia, NY*, the petition was granted because the court found that the petitioner was unable to file a complaint at the present time and the proposed deponent was "seventy-seven years old and reportedly in ill health, having suffered several heart attacks…[and] there [was] no assurance that [the deponent would] live for that time, or remain able to testify." 200 F.R.D. 200, 202 (S.D.N.Y. 2001).

Per the teachings of the Second Circuit – and, indeed, in the very cases of Petitioner – one must demonstrate (1) the inability to bring a lawsuit at the present time; and (2) the need to perpetuate testimony or preserve evidence. None of these factors are even remotely present here.

Respectfully submitted,

/s/ Bernard Daskal

BERNARD DASKAL

cc: All counsel via ECF