UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL MELOHN,                                            Civil Action No. 20-cv-05536

                       Petitioner,

   -against-

SY STERN, RABBI MAYER ZAKS,
SIMA WEINTRAUB, AKIVA FEINSOD,
ELI KUNSTLINGER, YAAKOV BEYMAN,
DAVID TEILER, ROBERT KUNSTLINGER,
EZRA BEYMAN, ALFONS MELOHN,
and JOHN DOES 1-20.

                       Respondents.
-----------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO
# RESPONDENTS' RULE 11 MOTION FOR SANCTIONS

Brian K. Condon, Esq. (BC 4683)
CONDON & MARA, PLLC
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
(845) 627-8500 (telephone)
(845) 627-8507 (facsimile)

*Attorneys for Petitioner*

Dated: October 30, 2020

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND.................................................................................................... 1

ARGUMENT

THE IMPOSITION OF SANCTIONS AGAINST PETITION AND/OR
HIS COUNSEL IS UNSUPPORTED AND UNWARRANTED ....................................................... 2

      POINT A:     RESPONDENTS FAIL TO ESTABLISH THAT PETITIONER'S
                            AND/OR COUNSEL'S CONDUCT IS DEMOSTRABLY
                            FRIVOLOUS.................................................................................... 2

      POINT B:     RESPONDENTS FAIL TO ESTABLISH THAT THE PETITION
                            IS A "VEHICLE OF HARASSMENT"......................................................... 5

CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

## CASES

*Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
 2003 WL 22227956 at *13, 14 (S.D.N.Y. 2003) .................................................................. 6

*LCS Group, LLC v. Shire LLC,* 2019 WL 1234848 at *13 (S.D.N.Y.2019) ..................................... 6

*Levy v. Aaron Faber Inc.,* 148 F.R.D. 114, 122-23 (S.D.N.Y. 1993) ............................................... 6

*McLaughlin v. Altman,* 1995 WL 640770 (S.D.N.Y. 1995) ............................................................ 6

*Rosario v. Receivable Managements Servs. Corp.,* 2012 WL 2359874 at *5 (S.D.N.Y. 2012) ...... 5

*Wechsler v. Hunt Health Sys., Ltd.,* 216 F. Supp. 2d 347, 357 (S.D.N.Y. 2002) ............................. 4

## STATUTES

F.R.C.P. 27 ............................................................................................................................. 3

## PRELIMINARY STATEMENT

Petitioner Michael Melohn ("Petitioner") respectfully submits this Memorandum of Law in opposition to the Rule 11 Motion for Sanctions filed by Respondents Sy Stern ("Stern") and Alfons Melohn ("Melohn") (hereinafter collectively referred to as "Respondents").

Contrary to Respondents' speculative accusations, the Petitioner's Amended Petition for Pre-Action Discovery pursuant to Rule 27(a) of the Federal Rules of Civil Procedure (the "Petition") was not filed with this Honorable Court for abusive reasons so as to exploit a fishing expedition in order to frame a formal complaint against the named Respondents.

Respondents have utterly failed to establish an "escalating pattern of abuse and harassment" by Petitioner against Stern and Melohn so as to justify the imposition of sanctions. Moreover, the case law upon which Respondents Stern and Melohn rely in support of the sanction relief sought is wholly distinguishable to the facts at bar.

For the reasons set forth herein, Respondents' motion should be denied in its entirety.

## FACTUAL BACKGROUND

Briefly, on July 17, 2020, Petitioner filed a Petition for Pre-Action Discovery Pursuant to F.R.C.P. 27. [Docket No. 1]. Petitioner disclosed that it intended to file a civil RIVO action against the named Respondents, and Petitioner sought to utilize the procedural device set forth in F.R.C.P. 27 to obtain the identity of the John Doe Respondents and the particularities surrounding the transactions to be complained of by and through the Court's issuance of subpoenas upon the named Respondents, directing Respondents to submit to a deposition or, alternatively, produce documents showing the true identity of the John Doe Respondents who have participated in and perpetuated the fraudulent racketeering scheme. [Docket No. 1].

By endorsement, date July 27, 2020, this Honorable Court granted Petitioner leave to amend the caption and file and serve an Amended Petition, as Petitioner had mistakenly identified and named a Respondent to its Petition. [Docket No. 26]. Indeed, the correctly named Respondent is the twin brother of the previously misidentified Respondent.

On July 27, 2020, Petitioner filed a First Amended Petition for Pre-Action Discovery Pursuant to F.R.C.P. 27. [Docket No. 27].

On August 6, 2020, Respondents Stern and Melohn appeared by counsel, Adam B. Gilbert, Esq. of Nixon Peabody. [Docket No. 30].

On August 7, 2020, Respondents Stern and Melohn filed their joint response to Petitioner's Amended Petition. [Docket No. 31].

On August 28, 2020, Respondents Stern and Melohn moved for sanctions under Rule 11 against Petitioner and/or his counsel. [Docket Nos. 37-39].

On October 21, 2020 at 10:00 A.M., a telephonic conference was held before this Honorable Court to discuss (i) the Petitioner's basis for filing and serving a Rule 27 Petition; and (ii) Respondents' instant motion for sanctions. At said conference, the Court directed Petitioner to file his opposition to the motion for sanctions on or before October 30, 2020. [Docket Text 10/21/2020].

## ARGUMENT

### THE IMPOSITION OF SANCTIONS AGAINST PETITIONER AND/OR HIS COUNSEL IS UNSUPPORTED AND UNWARRANTED

**A. Respondents Fail to Establish that Petitioner's and/or Counsel's Conduct is Demonstrably Frivolous**

In arguing that the Petition is demonstrably frivolous, thereby warranting the imposition of sanctions, Respondents' supporting case law is woefully distinguishable to the facts at bar. Indeed,

Respondents do not cite to *any* cases in which a Court imposed sanctions for a "demonstrably frivolous" Rule 27 Petition. Rather, Respondents self-servingly characterize the Petition as lacking "any factual foundation or legal justification." Resp. MOL, p. 3.

The Petition identifies the names of ten (10) Respondents known to be acting in concert and perpetuation of a fraudulent scheme of money laundering, fraud, conversion, including the conversion of Petitioner's government-issued bonds, the removal of Respondent Melohn's wife as Trustee, her replacement by Respondent Weintraub as Trustee, wife of Respondent Zaks, and the agreement to Weintraub's annual trustee salary of one-half of a million dollars, and the perpetuation of a scheme involving assisted living facilities in Florida involving trust funds and funds from corporations owned by Respondent Melohn. [Docket No. 1].

As to the pleading standard of Rule 27, the Petition states that the named Respondents are intended to be Respondents in the action sought to be brought in this Court; that the Respondents' testimony will assist in identifying the John Doe Respondents' identities; and by and through service of process upon all of the named Respondents, Petitioner has identified the Respondents' addresses. F.R.C.P. 27(a).

As detailed on the October 21, 2020 telephone call, the testimony sought to be procured from the named Respondents will prevent a failure or delay of justice insomuch as the identities of the John Doe Respondents would be obtained so that they could be properly named at the outset of the civil RICO action without delay. F.R.C.P. 27(c). Petitioner's further letter to the Court on October 21, 2020 detailed the case law that permits the pre-action use of Rule 27 to obtain the identification of unknown defendants. [Docket No. 68].

It is respectfully submitted that it is within the Court's discretion whether to grant or deny the Petitioner's Petition pursuant to Rule 27. Respondents' attempt to thwart that discretion by marking the Petition as "frivolous" and Petitioner's and counsel's conduct as sanctionable is unjustified and unsupported by their arguments and case law.

In the *Wechsler v. Hunt Health Sys., Ltd.* case, the Court imposed sanctions upon the defendants for having moved to amend their answer without leave of the Court, for having sought an amendment on their defense of public policy without raising a non-waiver issue as to public policy defenses, and for having moved for summary judgment on the eve of trial. 216 F. Supp. 2d 347, 357 (S.D.N.Y. 2002). The *Wechsler* Court found that defendants had "needlessly delay[ed] this action" and their "procedurally unsound motion for summary judgment" was "objectively unreasonable and brought in bad faith." *Id.* at 357-58. Indeed, the *Wechsler* Court described that the court's factual findings of bad faith "must be characterized by a 'high degree of specificity'" and an inference of bad faith will be made "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."

Here, Respondents have failed to establish that Petitioner's and/or Petitioner's counsel's conduct is marked by bad faith with a high degree of specificity and fails to establish the improper purposes that mar the Petitioner's intent by the filing of the Petition. There are always more facts than that which are expounded upon in motion papers or pleadings. Indeed, as this Honorable Court aptly noted at the October 21, 2020 telephonic conference call, a reasonable inference can be drawn that there is more bubbling below the surface in this intra-family dispute. As such, the mere filing of this Petition is not and cannot serve as the basis of a finding of bad faith, particularly because the Respondents have failed to articulate the same in their motion papers.

The *Rosario v. Receivable Managements Servs. Corp.* case is likewise distinguishable to this action. In *Rosario*, the Court imposed Rule 11 sanctions upon Plaintiff and her counsel because Plaintiff's counsel had "repeatedly made frivolous and unsupported filings," including the filing of three actions, including "a seven-word complaint alleging breach of contract and violations of the NYGBL § 349," making unsupported arguments to the district court as to the interplay of federal and state procedural law, and representing to the Court that he withdrew or corrected the offending documents so filed. 2012 WL 2359874 at *5 (S.D.N.Y. 2012). The *Rosario* plaintiff and counsel were flippantly ignorant of the Court's directives and made repeated, unsupported filings without seeking leave of the Court.

Here, the Petitioner properly sought leave to amend his Petition immediately upon notification that he had misidentified one of the named Respondents. The Court granted Petitioner leave to amend, and Petitioner immediately and duly filed and re-served the Amened Petition upon all named Respondents. Respondents fail to establish how Petitioner's filing and further amendment equates to the level of bad faith and frivolity as the *Rosario* Court encountered, thereby warranting the imposition of sanctions as "a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy." *Id.* at *5.

**B. <u>Respondents Fail to Establish that the Petition is a "Vehicle of Harassment"</u>**

Respondents have failed to establish the "overwhelming evidence," gleaned from the Petition itself and the parties' relationship, that would support an inference of improper purpose.

As to Respondents' arguments that the Petition, on its face, is vague and unsubstantiated, the case law cited in support of the imposition of sanctions on this basis is, likewise, distinguishable.

The Court in *LCS Group, LLC v. Shire LLC* evaluated whether a RICO complaint – not a Rule 27 Petition – was frivolous and warranted sanctions. 2019 WL 1234848 at *13 (S.D.N.Y.2019). In *LCS*, the Court imposed sanctions after a repeated filing was found to have been in complete contradiction to the Court's prior ruling on the first action, whereby the Court held that counsel's declaration was replete of misleading statements and egregious misrepresentations, and as to the substance of the RICO claims themselves, the Court reviewed the RICO allegations *pled in the RICO complaint* and found them to be frivolous and inadequate given a civil RICO's strict standard of pleading.

Similarly, in the *Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* action, the Court sanctioned counsel by admonishment only – the least severe sanction to be imposed – finding that the civil RICO claim was inadequate due to its lack of a predicate act for racketeering activity. 2003 WL 22227956 at *13, 14 (S.D.N.Y. 2003). The *Levy v. Aaron Faber Inc.* Court also imposed lesser sanctions upon Plaintiff's counsel when it found that the complaint filed did not result from counsel's reasonable inquiry into the law, particularly the statute of limitations issues and the pleading requirements for a RICO claim. 148 F.R.D. 114, 122-23 (S.D.N.Y. 1993). Again, in both of these case, the Court evaluated RICO complaints (which also pled various other claims), not Rule 27 Petitions, and considered other attendant circumstances specific to the conduct that was inferred by the persistence of counsel to proceed with the pleading and/or proceedings.

In *McLaughlin v. Altman*, the Court sanctioned Plaintiff and its counsel, noting that the frivolous and improper purpose prongs of Rule 11 sanctions were present in the parties' conduct and from the review of the pleadings (again, not a Rule 27 petition). The Court highlighted the specific conduct of the Plaintiff's counsel that marked his bad faith in his attempts to re-litigate matters previously decided by the Court and by pursuing frivolous claims "in the face of explicit

warnings that to do so risked violation of Rule 11." 1995 WL 640770 (S.D.N.Y. 1995). The Court easily amplified its finding by noting several examples of counsel's blatant disregard of the prior findings and unwillingness to withdraw claims despite a Rule 11 warning from the Court itself. Here, there is no such evidence of repetitive and blatantly ignorant conduct by Petitioner or counsel so as to warrant the imposition of sanctions.

Respondents Stern and Melohn seek the imposition of sanctions on the mere "threat" of a civil RICO claim, which is unsupported by the foregoing case law. Thus, Respondents' arguments must fail on this basis.

Lastly, Respondents submit attenuated arguments and offer "direct evidence" of an "escalating pattern of harassment and abuse" by Petitioner against Stern and Melohn. It is respectfully submitted that Respondents' submission of one alleged encounter between Petitioner and Respondent Melohn does not constitute an "escalating pattern of harassment and abuse." Indeed, the Petition notes that Respondent Melohn is likely to be found a victim of the fraudulent scheme so perpetuated by the Respondents as well.

Respondents' unsubstantiated allegation that Petitioner was somehow involved in an attack on Stern in Israel in February 2020 is unsupported by any evidence of Petitioner's involvement. Notably, Respondents do not place blame upon Petitioner for the attack, the 40 stitches, the threatening calls from restricted numbers on his cell phone, nor the rock throwing because Respondents have no proof to link Petitioner to this conduct. As such, Respondents' attempt to link Petitioner into these allegations is unsubstantiated, irresponsible, and should not be considered by this Court as proof of an "escalating pattern of harassment and abuse" by the Petitioner.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Respondents Stern and Melohn have failed to establish, by either the facts or relevant case law, the frivolous and/or improper purpose of Petitioner's Petition so as to warrant the imposition of sanctions against Petitioner and/or counsel. Respondents likewise fail to establish, by admissible evidence, that the Petition is being utilized by Petitioner as a "vehicle of harassment" against the moving Respondents. Therefore, Respondents' Rule 11 motion for sanctions should be denied in its entirety without costs or fees.

Dated: Nanuet, New York
       October 30, 2020

                                      Yours, etc.

                                      CONDON & MARA, PLLC

                                      By: /s/ Brian K. Condon
                                            Brian K. Condon (4683)
                                      *Attorneys for Petitioner*
                                      55 Old Turnpike Road, Suite 502
                                      Nanuet, New York 10954
                                      (845) 627-8500 (telephone)
                                      (845) 627-8507 (facsimile)
                                      Brian@CondonMara.com