UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MELOHN,

                          Petitioner,

                -against-

SY STERN, et al.,

                          Respondents.

---

**MEMORANDUM OPINION
AND ORDER**

20-CV-05536 (PMH)

PHILIP M. HALPERN, United States District Judge:

Petitioner Michael Melohn ("Petitioner") seeks, by Amended Petition filed on July 27, 2020, an Order under Federal Rules of Civil Procedure 27 and 34 commanding Sy Stern ("Stern"), Alfons Melohn ("Melohn"), Akiva Feinsod ("Feinsod"), Ezra Beyman ("E. Beyman"), Yaakov Beyman ("Y. Beyman"), David Teiler ("Teiler"), Eli Kunstlinger ("E. Kunstlinger"), Robert Kunstlinger ("R. Kunstlinger"), Sima Weintraub ("Weintraub"), and Rabbi Mayer Zaks ("Zaks," and collectively, "Respondents") "to submit to a deposition or, alternatively, to produce documents" identifying unknown individuals. (Doc. 27, "Am. Pet." ¶ 1). Petitioner lists also "John Does 1-20" in the caption as Respondents but does not seek an Order as to them. (*Id.*).

Three opposition memoranda have been filed: (1) Stern and Melohn (collectively, "Melohn Respondents") filed theirs on August 7, 2020 (Doc. 31, "Stern Br."); (2) Feinsod filed his on August 7, 2020 (Doc. 32, "Feinsod Br."); and (3) E. Beyman, Y. Beyman, and Teiler filed theirs on August 31, 2020 (Doc. 40, "Beyman Br.").[1] In addition, on August 28, 2020, Melohn Respondents filed a motion for sanctions under Federal Rule of Civil Procedure 11. (Doc. 37; Doc. 38 "Sanctions Br.").

---

[1] While Petitioner filed affidavits of service reflecting service on E. Kunstlinger, R. Kunstlinger, Weintraub, and Zaks (*see* Doc. 49; Doc. 55; Doc. 51; Doc. 52; Doc. 60; Doc. 53; Doc. 53-1), they have not appeared; those individuals who have appeared are referred to collectively hereinafter as "Appearing Respondents."

On September 17, 2020, Melohn Respondents filed a letter seeking a conference "to discuss the disposition of this matter" because Petitioner had not sought an appearance of any kind with the Court. (Doc. 41 at 2). The Court granted the application by endorsement on September 18, 2020 and scheduled a telephone conference for October 21, 2020. (Doc. 42). Counsel for Petitioner and Appearing Respondents participated in that conference. The Court engaged the parties on the merits of the petition, directed the parties to file letters "providing case law" supporting their interpretation of Rule 27, and—although the time to respond had long since expired—granted Petitioner an extension of time within which to oppose the motion for sanctions. (*See* Oct. 21, 2020 Min. Entry). Shortly thereafter, the parties filed their letters regarding applicable precedent (Doc. 68; Doc. 69) and Petitioner filed his opposition to the sanctions motion (Doc. 70, "Sanctions Opp.") in accordance with the Court's directive. By letter dated November 3, 2020, Melohn Respondents sought leave to file a reply in further support of their motion for sanctions, citing the discovery of new evidence. (Doc. 71). The Court denied the application by endorsement dated November 5, 2020. (Doc. 72). Nothing further has been filed on the docket.

For the reasons set forth below, the relief sought in the Amended Petition is DENIED, the motion for sanctions is DENIED, and this petition is DISMISSED.

## BACKGROUND

Petitioner is one of Melohn's children. (Am. Pet. ¶ 2). Petitioner maintains that he "intends to commence an action against Respondents . . . for . . . civil RICO pursuant to 18 U.S.C. § 1961 *et seq.*, fraud, conversion, constructive trust, and money had and received, the scheme by which Respondents intended to harm Petitioner and Respondent Alfons Melohn." (*Id*. ¶ 4). Petitioner claims that Respondents implemented this scheme by "induc[ing], coerc[ing], extort[ing], and/or manipulat[ing] Respondent Alfons Melohn to" take certain actions to Melohn's own detriment such as, *inter alia*, transferring money, commingling funds, cashing government bonds, and

"hiring family members for 'no show' jobs . . . who were paid from corporations owned by Alfons Melohn." (*See id*. ¶¶ 1(a)-(f)). Petitioner maintains that from 2013 to the present, Respondents worked in conjunction with unknown "John Doe Respondents," that Respondents will not freely identify these unknown collaborators, and that he "requires the[ir] true identit[ies] . . . and the particularities surrounding the transactions . . . in order to properly commence the action" he anticipates. (*See id*. ¶¶ 1, 5, 6). Petitioner insists that he cannot state his expected claims with the requisite specificity without this information. (*Id*. ¶ 5). As such, Petitioner seeks:

> a Judicial Subpoena Duces Tecum, pursuant to FRCP 27 and 34, upon the named Respondents herein, directing Respondents to submit to a deposition or, alternatively, to produce documents showing the true identity of the John Doe Respondents, who have engaged in and/or conspired to engage in the fraudulent racketeering scheme perpetuated by the named Respondents.

(*Id*. ¶ 7).

## STANDARD OF REVIEW

I.   Federal Rule of Civil Procedure 27

Federal Rule of Civil Procedure 27 allows "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court" to "file a verified petition" and seek "an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony" before filing an action. Fed. R. Civ. P. 27(a)(1). That verified petition must "be titled in the petitioner's name" and explain:

> (A)   that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B)   the subject matter of the expected action and the petitioner's interest;
>
> (C)   the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D)     the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E)     the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A)-(E). Although Rule 27 is entitled "Depositions to Perpetuate Testimony," the mechanism is not limited to depositions; rather, according to its terms, "the court may issue orders like those authorized by Rules 34 and 35." Fed. R. Civ. P. 27(a)(3).

"[U]nder Rule 27 the petitioner must already know the substance of the evidence that []he seeks to perpetuate and may not use this process as a means of discovery to search for evidence that would undergird a possible lawsuit." *Bryant v. Am. Fed'n of Musicians of the U.S. & Canada*, No. 14-CV-2598, 2015 WL 3644075, at *7 (S.D.N.Y. June 1, 2015), *adopted sub nom. Bryant v. Am. Fed'n of Musicians of the US & Canada*, 2015 WL 7301076 (S.D.N.Y. Nov. 18, 2015), *aff'd sub nom. Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14 (2d Cir. 2016); *see also Teamsters Loc. 404 Health Servs. & Ins. Plan v. King Pharm., Inc.*, 906 F.3d 260, 267 (2d Cir. 2018) ("In contrast to [N.Y. C.P.L.R.] § 3102(c), the Federal Rules of Civil Procedure do not authorize comparable discovery. Rule 27(a) authorizes pre-action discovery only for the preservation of testimony and requires that the petitioner unequivocally state that he expects to be a party to an action."). "Rule 27 does not function as a substitute for the broader, post-complaint discovery available under Rule 26, and is limited to special circumstances to preserve testimony which otherwise might be lost. Similarly, it is well-established that Rule 27 is not a vehicle for general discovery before an action is commenced and should not be used to determine whether a cause of action exists, and, if so, against whom the action should be instituted." *Falco v. Santoro*, No. 17-MC-0440, 2017 WL 4480759, at *2 (E.D.N.Y. Sept. 29, 2017) (internal citations and quotation marks omitted); *see also In Re Petition of Allegretti*, 229 F.R.D. 93, 96

(S.D.N.Y. 2005) ("Such testimony cannot be used to discover evidence for the purpose of filing a complaint."); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2071 (observing that using Rule 27 "to fish for some ground for bringing suit" would constitute "an abuse of the rule" (internal quotation marks omitted)).

A successful petition under this provision requires Petitioner to: "(1) furnish a focused explanation of what they anticipate any testimony would demonstrate; (2) establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought; and (3) make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed." *Bryant*, 666 F. App'x at 16 (internal quotation marks omitted); *see also In Re Allegretti*, 229 F.R.D. at 96. "If satisfied that perpetuating testimony *may* prevent a failure or delay of justice, the court *must* issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Fed. R. Civ. P. 27(a)(3) (emphasis added). This determination is within the Court's discretion. *Marshall v. Madoff*, No. 15-MC-56, 2015 WL 2183939, at *2 (S.D.N.Y. May 11, 2015) ("Whether to grant discovery pursuant to Rule 27 is within the district court's discretion." (citing *In Re Allegretti,* 229 F.R.D. at 97)); *see also Bryant*, 666 F. App'x at 15 ("We review the denial of a Fed. R. Civ. P. 27 application for pre-suit discovery for abuse of discretion."); *In re Petition to Perpetuate Testimony by Waste Stream, Inc., PRP Grp.*, No. 20-MC-0043, 2020 WL 4049944, at *2 (N.D.N.Y. July 20, 2020) ("The judge who decides the petition has considerable discretion,

which encompasses the nature and quality of evidence required to make or rebut the required showing." (internal quotation marks omitted)).[2]

II.   <u>Federal Rule of Civil Procedure 11</u>

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 8 (2d Cir. 2019) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)); *see also* Fed. R. Civ. P. 11(b).

"When deciding whether to grant Rule 11 sanctions, the Court applies an objective standard of reasonableness, and looks to, among other factors, whether the party acted in bad faith; whether they relied on a direct falsehood; and whether the claim was utterly lacking in support." *Grayson v. Ressler & Ressler*, 271 F. Supp. 3d 501, 526 (S.D.N.Y. 2017) (internal citations and quotation marks omitted); *see also StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) ("[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." (internal quotation marks omitted)); *Ferrand v. Mystique Brands LLC*, No. 20-CV-5933, 2021 WL 119572, at *13 (S.D.N.Y. Jan. 13, 2021) (noting that Rule 11's objective analysis is "intended to eliminate any 'empty-head

---

[2] As noted previously, Petitioner seeks relief under both Federal Rules of Civil Procedure 27 and 34. Although Rule 27(a)(3) permits the Court, assuming it orders that depositions be taken, to "issue orders like those authorized by Rules 34 and Rule 35," Rule 34 itself has no applicability to this petition. "[R]eliance on Rule 34 is misplaced because, like most of the Federal Rules of Civil Procedure, that provision only applies when there is a lawsuit pending between parties, and there is no such proceeding in this Court." *Wetzelberger v. M & T Bank Corp.*, No. 12-CV-3685, 2012 WL 4328398, at *2 (E.D.N.Y. Sept. 20, 2012).

pure-heart' justification for patently frivolous arguments" (quoting *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999)).

Granting a motion for "Rule 11 sanctions . . . should be reserved for extreme cases, and all doubts should be resolved in favor of the signing attorney." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016) (internal quotation marks omitted), *aff'd*, 683 F. App'x 33 (2d Cir. 2017). Furthermore, "[e]ven upon determining that Rule 11 has been violated, a court retains the discretion to decide whether to impose sanctions." *New Falls Corp. v. Soni Holdings, LLC*, No. 19-CV-0449, 2021 WL 919110, at \*4 (E.D.N.Y. Mar. 8, 2021) (citing *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012)).

## ANALYSIS

### I.   The Rule 27 Petition

As a preliminary and procedural matter, the text of Federal Rule of Civil Procedure 27 requires that a petition take a certain form, contain certain information, and be served a certain way. Petitioner failed to comply with these procedural requirements in at least three different respects.[3]

First, despite Rule 27(a)(1)'s command that the petition be verified, neither the Amended Petition nor its predecessor comply with this directive. (*See* Doc. 1; Am. Pet.). Second, Rule 27(a)(1)(E) directs that the petition state "the name, address, and expected substance of the testimony of each deponent." Even if the Court interprets leniently the Amended Petition to state

---

[3] Melohn Respondents argue also, without citing to the record or precedent, that Petitioner failed to comply with Rule 27's mandates because "it purports to be brought on behalf of three Petitioners" but names only one. (Stern Br. at 8). This argument pertains, presumably, to the allegation that the purported scheme injured "Petitioner, the Alfons and Elizabeth Melohn 1997 Trust Agreement . . . and . . . Alfons Melohn . . . ." (Am. Pet. ¶ 1; *see also id.* ¶ 4). Rule 27 mandates only that "[t]he petition . . . be titled in the petitioner's name . . . ." Fed. R. Civ. P. 27(a)(1). It does not require that the petition be brought in the name of every person or entity injured; rather, it requires only that a petitioner be a person or entity who "expects to be a party to an action . . . ." Fed. R. Civ. P. 27(a)(1)(A).

that each Respondent would identify the unknown John Doe Respondents, neither it nor its predecessor contains the address of each Respondent. (*See* Doc. 1; Am. Pet.). Third, Rule 27(a)(2) requires that the petition be served "[a]t least 21 days before the hearing date" along with "a notice stating the time and place of the hearing." Based on the docket, Petitioner never served Respondents with a notice providing the time and place of the hearing—nor could he, as Petitioner never sought a hearing on the petition from the Court. These procedural failures to comply with the text of Federal Rule of Civil Procedure 27 are, by themselves, reasons to deny the relief sought.

Assuming, *arguendo*, that the Amended Petition complied with the procedural issues outlined above, the relief sought would still be denied because Petitioner fails to make the substantive showing required under the three-element analysis applied in this Circuit.

The first element asks Petitioner to provide "a focused explanation of what [he] anticipate[s] any discovery would demonstrate." *Bryant*, 666 F. App'x at 16 (internal quotation marks omitted). This requires that Petitioner "know the substance of the testimony to be preserved" before invoking Rule 27. *In re Yamaha Motor Corp., U.S.A.*, 251 F.R.D. 97, 99 (N.D.N.Y. 2008). The testimony sought "cannot be used to discover evidence for the purpose of filing a complaint." *In re Holmes*, No. 15-MC-56, 2017 WL 4324685, at *2 (W.D.N.Y. Sept. 29, 2017) (quoting *In Re Allegretti*, 229 F.R.D. at 96); *see also Falco*, 2017 WL 4480759, at *2 ("Rule 27 may not be used for the purpose of discovery before action is commenced to enable parties to fish for some ground for bringing suit." (quoting *Marshall*, 2015 WL 2183939, at *2)). Of particular note here, Rule 27 "should not be used to determine whether a cause of action exists, and, if so, against whom the action should be instituted." *In re Petition of Austin*, No. 13-MC-252, 2013 WL 5255125, at *1 (S.D.N.Y. July 16, 2013) (quoting *In re Liquor Salesmen's Union Local 2D Pension Fund,* No.

8

12-CV-2786, 2012 WL 2952391, at *6 (E.D.N.Y. July 19, 2012)); *see also Shuster v. Prudential Sec. Inc.*, No. 91-CV-0901, 1991 WL 102500, at *1 (S.D.N.Y. June 6, 1991).

Here, the Amended Petition states that discovery is sought "because Petitioner does not know the identity of the John Doe Respondents . . . ." (Am. Pet. ¶ 5). Moreover, Petitioner concedes explicitly that he seeks the identities of John Doe Respondents "so that they could be properly named at the outset of the" action he intends to file. (Sanctions Opp. at 3). Considering the Amended Petition in tandem with Petitioner's acknowledgment that the sole purpose of the application is to name additional defendants in his contemplated action, it is as clear as a bell that Petitioner intends, impermissibly, to use Rule 27 as a discovery device. Petitioner has, accordingly, failed to make the showing required for the first element. *See, e.g.*, *Shuster*, 1991 WL 102500, at *1 ("Because Shuster's petition on its face discloses that its purpose is to obtain facts in order to frame a complaint, it must be dismissed.").

Assuming that Petitioner succeeded in making the first showing, the second element requires that Petitioner "establish in good faith that [he] expect[s] to bring an action cognizable in federal court, but [is] presently unable to bring it or cause it to be brought." *Bryant*, 666 F. App'x at 16 (internal quotation marks omitted). This element requires that Petitioner:

> show a present inability to bring the action in any court, state or federal, anywhere in the United States. A petitioner does not demonstrate inability to presently file suit under Rule 27(a) by showing only that suit cannot then be filed in the district of petitioner's choice *or against all desired defendants*. The rule insists on necessity and is not met by convenience or tactical preferences. There must be a true inability to bring any action at the time the petition is presented.

6 Moore's Federal Practice – Civil § 27.13 (2021) (emphasis added); *see also Falco*, 2017 WL 4480759, at *3 (noting that the second element "is not satisfied by showing that the claim cannot be brought because . . . it would be difficult or inconvenient to sue, and concern[s] about the

9

sufficiency of . . . the future cognizable action is not a valid impediment" (addition in original, internal quotation marks omitted)); Steven S. Gensler & Lumen N. Mulligan, Depositions to Perpetuate Testimony, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 27 (Feb. 2021) ("The barrier to suit must be an inability to *bring* the action—typically some external barrier outside the party's control—not an inability to *support* the claims that otherwise freely could be brought." (emphasis in original)); Federal Practice and Procedure § 2072 (observing that "Rule 27 cannot be satisfied by contentions that it would . . . be difficult or inconvenient . . . to file suit").

The Amended Petition lacks any explanation about why the contemplated RICO action cannot be brought now aside from the claim that Petitioner cannot name all possible actors at this juncture. Separately, Petitioner states that he "cannot commence an action at the present time with the particularity and specificity required for the prospective causes of action because Petitioner does not know the identities of the John Doe Respondents" and that he "requires the true identity of the [John Doe] Respondents and the particularities surrounding the transactions . . . in order to properly commence the action . . . ." (Am. Pet. ¶¶ 5-6). As such, Petitioner has not made the showing required to establish the second element and, moreover, has revealed that discovery is needed to commence the action he seeks to bring.[4]

Even if the Court concluded that Petitioner made the showing required under the first two elements, the Amended Petition fails also to provide "an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed." *See Bryant*, 666 F.

---

[4] Appearing Respondents argue also that the Court lacks jurisdiction because Petitioner fails to plead his RICO claim with the specificity required to withstand a motion under Federal Rule of Civil Procedure 12(b)(6). (*See* Stern Br. at 3-5; Feinsod Br. at 6-7; Beyman Br. at 7). This argument's proponents cite neither binding nor persuasive precedent requiring that the allegations in a Rule 27 application meet the standards of Federal Rules of Civil Procedure 8 and 9(b). Petitioner has alleged that he intends to file a suit stating a claim for relief under RICO; such a claim would be pressed under federal law and, therefore, be brought properly in a district court of the United States under 28 U.S.C. § 1331. However, whether Petitioner is or is not required to plead his claims in line with the plausibility standard would not alter the outcome here.

App'x at 16 (internal quotation marks omitted). For this element, "a petitioner must make a particularized showing that intervention prior to commencement of an action is necessary to preserve the subject evidence," *In re Petition of John W. Danforth Grp., Inc.*, No. 13-MC-33, 2013 WL 3324017, at *2 (W.D.N.Y. July 1, 2013) (collecting cases), and that "time is of the essence," *In re Austin*, 2013 WL 5255125, at *1. Phrased another way, Petitioner must demonstrate that there is a "sufficient risk that the testimony and other materials would be lost absent Rule 27 discovery." *Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 (S.D.N.Y. 2009); *see also Wetzelberger*, 2012 WL 4328398, at *2 (noting that Rule 27 may be invoked "only to preserve specific testimony or data that may *imminently* be lost" (emphasis added)). "[C]ommon fact patterns satisfying this element have included geographical or jurisdictional constraints, a deponent's advanced age or illness, or actual destruction of evidence." *In re Liquor Salesmen's Union*, 2012 WL 2952391, at *3 (internal quotation marks omitted).

The Amended Petition offers one, brief, passing reference to this concept: a claim that "it would be futile to request that the Respondents voluntarily provide" the information sought. (Am. Pet. ¶ 5). Otherwise, the Amended Petition is barren of any showing of this required element. Such a general and vague allegation about the  inaccessible nature of the information before an action is filed is "insufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony." 6 Moore's Federal Practice – Civil § 27.13; *see also In re Danforth Grp., Inc.*, 2013 WL 3324017, at *3 ("[G]eneralized statements of concern that requested evidence might be destroyed are insufficient to warrant pre-complaint intervention."); *In re Liquor Salesmen's Union*, 2012 WL 2952391, at *4 (concluding that the petitioner "ha[d] not alleged any facts showing that the . . . information would be lost (or [is] even in danger of being lost) without the requested discovery"); *Jackson*, 683 F. Supp. 2d at 293 (denying the application because, *inter*

*alia*, the plaintiff "ma[de] no effort at all to show that the testimony of the witnesses otherwise will be lost"). As Petitioner has failed to explain with any specificity how the information sought will be lost without the Court's intervention, he failed to make the showing required for the third and final element of the Rule 27 analysis.

The Amended Petition, in sum, is both procedurally and substantively deficient. Indeed, this type of petition, an open-ended fishing expedition for facts, documents, and potential defendants, is the antithesis of the purpose of a petition permitted under Rule 27. The petition is denied and will be dismissed.

II.   The Motion for Sanctions Under Federal Rule of Civil Procedure 11

As for Melohn Respondents' motion for sanctions, they seek "an Order pursuant to Federal Rule of Civil Procedure 11(c) for sanctions in connection with Petitioner Michael Melohn's Amended Petition for Pre-Action Discovery in the form of reasonable expenses and attorneys' fees, and for such other and further relief as the Court deems just and proper." (Doc. 37). These particular Respondents maintain that the petition is "frivolous" and amounts to nothing more than "the latest in an escalating pattern of harassment and abuse" on Petitioner's part. (*See* Sanctions Br. at 2-4). Indeed, Melohn Respondents submitted, by way of counsel's affidavit, a number of documents for the Court's consideration on this motion—documents which include, *inter alia*, a copy of a Temporary Order of Protection issued in the Family Court of the State of New York, County of New York, in *Melohn v. Melohn*, Docket Number O-00104-20, directing Petitioner to stay away from his father. (Doc. 39; Doc. 39-1; *see also* Doc. 39-2; Doc. 39-3).

The analysis here is straightforward and governed by the plain text of Rule 11(d) which states, in its entirety, as follows: "This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." As this petition—an application

for an Order to perpetuate testimony under Rule 27—falls squarely within that prohibition, the Court simply cannot grant the relief sought. The application must, therefore, be denied. *See* 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 27 (explaining that "[w]hile a petition is a paper filed in federal court, sanctions under Rule 11 would also appear to be precluded by Rule 11(d)").

## CONCLUSION

Based upon the foregoing, the petition for an Order to perpetuate testimony under Federal Rule of Civil Procedure 27 is DENIED, the motion for sanctions under Federal Rule of Civil Procedure 11 is DENIED, and this petition is DISMISSED. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 37 and close this case.

**SO ORDERED:**

Dated:   White Plains, New York
         March 26, 2021

_____
PHILIP M. HALPERN
United States District Judge